IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEBORAH A. MITCHELL**                                                   **PLAINTIFF**

**v.**                                               **CAUSE NO. 1:24-cv-171-LG-BWR**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER ADOPTING
[13] REPORT AND RECOMMENDATIONS**

Plaintiff Deborah A. Mitchell timely filed her [14] Objection to the Magistrate Judge's [13] Report and Recommendations ("R&R"). After conducting a de novo review of this matter, the magistrate judges R&R and having considered Plaintiff's objections, the Court accepts and adopts the proposed findings of fact and conclusions of law in the R&R.

BACKGROUND

In March 2022, Plaintiff was diagnosed with idiopathic pulmonary fibrosis ("IPF"). Plaintiff previously worked as a secretary, engineering clerk, and cost analyst. Plaintiff stopped working and filed a Title II application for disability insurance benefits due to blind or low vision and IPF on July 11, 2022. The application was denied both initially and upon reconsideration, and the plaintiff filed for a hearing before an administrative law judge ("ALJ"). In December 2023,

the ALJ conducted the hearing. Plaintiff was represented by an attorney.[1] Plaintiff and a vocational expert provided testimony.

The ALJ rendered an unfavorable decision based on the record and evidence. The ALJ determined that Plaintiff has severe impairments from osteoarthritis and IPF, but the ALJ determined Plaintiff is not disabled. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or exceeds the severity of one of the listed impairments in the disability regulations. The ALJ found Plaintiff capable of performing the secretary and engineering clerk positions as actually and generally performed, despite her severe impairments of IPF and osteoarthritis.

The Appeals Council denied Plaintiff's request for review of the ALJ decision, making the decision a final decision of the Commissioner and subject to judicial review under 42 U.S.C. § 405(g). The Magistrate Judge determined in his R&R that the ALJ's decision should be affirmed and that the Court should dismiss this action with prejudice. Plaintiff filed timely objections to the R&R; the Commissioner did not file a response in opposition to the [14] Objection, so the pending issues are ripe for the Court's review.

---

[1] The record refers to Mr. Brandon Lee Kortgard as an attorney for Plaintiff, *see* R. [5-2] at 37, but it also refers to him as a "non-attorney representative[.]" id. at 14. Whether Mr. Kortgard is an attorney or not does not change the results of this case. Further, Plaintiff did not object on this ground, so the Court need not address it in its discussion.

## STANDARD OF REVIEW

A party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2). The district judge conducts a de novo review of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Court need not consider frivolous, conclusory, or general objections; "objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

The Court "reviews a Commissioner's denial of social security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (internal quotation marks and citation omitted). A court reviewing the Commissioner's decision is not permitted to "re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is "more than a scintilla" and "is merely enough that a reasonable mind could arrive at the same decision." 19 F.4th at 718 (citation omitted). Substantial evidence

"must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve." *Vasquez v. Comm'r of Soc. Sec. Admin.*, No. SA-18-CA-218-XR, 2019 WL 1313461, at *6 (W.D. Tex. Feb. 4, 2019) (citation omitted).

In sum, the Court reviews de novo specific objections to the magistrate judge's recommendations for the ALJ determinations, *see Battle*, 834 F.2d at 421, but the Court reviews the ALJ's determinations only for substantial evidence and applying proper legal standards. *See Webster*, 19 F. 4th at 718.

## DISCUSSION

Plaintiff raises three specific objections to the Magistrate Judge's recommendation to affirm the ALJ's decision:

(1) Plaintiff's IPF met the listed impairments for respiratory disorders under § 3.02,

(2) the ALJ's residual functional capacity ("RFC") determination was not supported with substantial evidence, and

(3) the ALJ erred by not considering Plaintiff's DLCO tests.[2]

---

[2] "DLCO means diffusing capacity of the lungs for carbon monoxide." 20 C.F.R. pt. 404, subpt. P., app. 1, § 3.00C9 (2025). "A DLCO test measures the gas exchange across cell membranes in your lungs." *Id.* § 3.00F1.

I.   **ANALYSIS OF LISTING 3.02 IMPAIRMENTS**

Plaintiff first objects to the ALJ's determination and Magistrate Judge's R&R concerning Step 3 of the disability analysis for a claimant. *See* 20 C.F.R. § 404.1520(a)(4) (2024).[3] At Step 3, Plaintiff must establish her "impairment meets or equals one of the listings in the relevant regulations." *Webster*, 19 F.4th at 718 (citation modified). "[T]he medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000) (citation omitted). "The listed impairments are physical and mental impairments that are considered disabling regardless of the claimant's age, education, or work experience." *Jones v. O'Malley*, 107 F.4th 489, 493 (5th Cir. 2024) (citing *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990)). "The criteria in the medical listings are 'demanding and stringent.'" *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

The claimant carries the burden at Step 3. *See Webster*, 19 F.4th at 718. Here, Plaintiff argues that the ALJ and Magistrate Judge erred because she satisfied the criteria necessary for meeting or equaling Listing 3.02 through the

---

[3] The Commissioner's disability analysis considers: "(1) whether the claimant is engaged in substantial gainful activity, (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment meets or equals one of the listings in the relevant regulations, (4) whether the claimant can still do his past relevant work, and (5) whether the impairment prevents the claimant from doing any relevant work." *Webster*, 19 F.4th at 718 (internal quotation marks and citation omitted). If the claimant establishes the first four steps, "the burden shifts to the Commissioner to prove the claimant's employability." *Id.* (internal quotation marks and citation omitted).

"[c]hronic impairment of gas exchange[.]"[4] 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02C (2025). Plaintiff further argues that the ALJ failed to provide a sufficient analysis of the medical evidence.[5]

### A. ACCEPTABLE DLCO TESTS

Plaintiff relies on Listing 3.02C1, which requires an "[a]verage of two unadjusted, single-breath DLCO measurements (see 3.00F) less than or equal to the value in Table III for your gender and height without shoes (see 3.00F3a) [.]" Id. § 3.02C1. The ALJ found that Plaintiff did not satisfy the 3.02 Listing, and the ALJ references pulmonary tests conducted on July 7, 2022, December 5, 2022, May 23, 2023, and June 16, 2023. *See* R. [5-2] at 18; R. [5-9] at 47–49, 223; R. [5-10] at 226; R. [5-11] at 129–30.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff did not demonstrate that some DLCO tests were acceptable tests under 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00F (2025), and Plaintiff argues that the ALJ failed to consider

---

[4] Listing 3.02 covers any chronic respiratory disorder except cystic fibrosis. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02 (2025). The Social Security Administration recently updated the Appendix, but the only changes involved extending expiration dates. *See* Extension of Expiration Dates for 13 Body System Listings, 90 Fed. Reg. 43911 (Sept. 11, 2025) (to be codified at 20 C.F.R. pt. 404).

[5] Plaintiff raises a similar argument seen in *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), where the Fifth Circuit reversed the ALJ's determination because the ALJ failed to state any reasons for the adverse determination at Step 3. The Fifth Circuit found that there was no medical evidence to contradict the plaintiff's contention that she met the Listing requirement. *See id.* at 448–49. *Audler* is distinguishable from this case and does not control for the reasons discussed in this ruling.

the evidence from these DLCO tests. This subsection of the Appendix explains the requirements of a DLCO test:

> 2. We have the following requirements for DLCO tests under these listings:
>
> a. You must be medically stable at the time of the test. See 3.00E2a.
>
> b. The test must use the single-breath technique.
>
> (i) The VI during the DLCO maneuver must be at least 85 percent of your current FVC, and your time of inhalation must be less than 4 seconds. (See 3.00E for our rules for programmatically acceptable spirometry.) If you do not have an FVC measurement on the same day as the DLCO test, we may use your FVC from programmatically acceptable spirometry administered within 90 days of the DLCO test.
>
> (ii) Your breath-hold time must be between 8 and 12 seconds.
>
> (iii) Your total exhalation time must be less than or equal to 4 seconds, with a sample collection time of less than 3 seconds. If your FVC is at least 2.0 L, the washout volume must be between 0.75 L and 1.0 L. If your FVC is less than 2.0 L, the washout volume must be at least 0.5 L.
>
> 3. The DLCO test report must include the following information:
>
> a. The date of the test and your name, age or date of birth, gender, and height without shoes. (We will assume that your recorded height on the date of the test is without shoes, unless we have evidence to the contrary.) If your spine is abnormally curved (for example, you have kyphoscoliosis), we will substitute the longest distance between your outstretched fingertips with your arms abducted 90 degrees in place of your height when this measurement is greater than your standing height without shoes.
>
> b. Any factors, if applicable, that can affect the interpretation of the test results (for example, your cooperation or effort in doing the test).
>
> c. Legible tracings of your VI, breath-hold maneuver, and volume of exhaled gas showing your name and the date of the test for each DLCO maneuver.
>
> d. At least two acceptable (see 3.00F2) DLCO measurements within 3 mL CO (STPD)/min/mmHg of each other or within 10 percent of the highest value.

20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00F2–3 (2025).

As stated earlier, Plaintiff bears the burden to demonstrate that the contested DLCO tests are acceptable under § 3.00F.  *See Falco*, 27 F.3d at 162–63; *Webster*, 19 F.4th at 718.  The Magistrate Judge determined the following from the record:

> *Alternatively*, and without assistance from Plaintiff or the Commissioner, a comparison of Plaintiff's submitted DLCO readings from September 9, 2022, December 21, 2022, and March 17, 2023, with the requirements of §3.00F shows that *at least one reason* the tests are not Listing-level acceptable is because the reports do not state a VI, time of inhalation, or time of exhalation.  Without this data, the calculations required in §3.00F2 cannot be made.

R. & R. [13] at 7 (citations omitted) (emphasis added).  Plaintiff does not dispute that § 3.00F's requirements exclude these DLCO tests; instead, Plaintiff simply argues that the pulmonary function studies ("PFS") the state agency ordered were not the salient DLCO readings, *see* R. [5-7] at 391–95,[6] and the ALJ should have considered the DLCO tests.  *See* Objection [14] at 2–7.  Plaintiff fails to show that her DLCO tests or IPF diagnosis "meet *all* of the specified medical criteria" under the Listing requirements.  *See Zebley*, 493 U.S. at 530.  Thus, the Court finds that the ALJ did not improperly exclude these DLCO readings from the Step 3 disability analysis.

---

[6] The allegedly deficient test Plaintiff refers to is the October 31, 2022, *spirometry* test, which did not measure the DLCO.  *See* R. [5-7] at 391–95.  There are multiple pulmonary function tests the ALJ may look to when determining whether someone meets Listing 3.02, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00D1 (2025), including "spirometry . . ., DLCO tests . . ., ABG tests . . ., and pulse oximetry . . . ." *Id.* at § 3.00D4.  Spirometry tests measure FEV1 and FVC, which can satisfy Listing 3.02A or 3.02B.  *See id.* § 3.00E1, § 3.02A, § 3.02B.  A spirometry test has different requirements than a DLCO test.  *See id.* § 3.00E1–3.  Plaintiff does not argue why the October spirometry test is unacceptable according to the § 3.00E standards.

B. MEDICAL EXPERT'S ASSESSMENT

Plaintiff argues that the ALJ errantly relied on Dr. Junejo's assessment of the claim because he was unaware of the deficiencies in the DDS examinations and did not consider the previously discussed DLCO readings. An ALJ relies on a medical expert's review of the record as substantial evidence. *See* SSR 17-2p, 2017 WL 3928306, at *3 (Mar. 27, 2017). Plaintiff does not provide caselaw or analysis apart from the bare assertion that—because Dr. Junejo did not review the unacceptable DLCO tests and was not aware that the DDS test was allegedly deficient—Dr. Junejo's assessment is not substantial evidence. The Court will not find for Plaintiff's conclusory assertions because the burden rests on Plaintiff to pursue her argument. *See JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (finding conclusory assertions without argument or authority amounts to waiver); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation omitted) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

In sum, Plaintiff fails to show that her IPF diagnosis "meet[s] *all* of the specified medical criteria" under Listing § 3.02. *See Zebley*, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *See id.* The Court agrees with the Magistrate Judge's recommendation that the ALJ's determination was supported by substantial

evidence and that the ALJ properly applied the legal standards. *See Webster*, 19 F.4th at 718.

## II.   SUBSTANTIAL EVIDENCE OF RFC TO PLAINTIFF

Plaintiff disputes the ALJ's determination that Plaintiff's RFC included performing less than the full range of sedentary work. *See* R. [5-9] at 18. The RFC is "the most you can still do despite your limitations" and is assessed "based on all the relevant evidence in your case record." 20 C.F.R. § 404.1545(a)(1) (2024). The RFC "is used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work." *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005) (citing 20 C.F.R. § 404.1520(e)). The ALJ assesses the claimant's RFC at the administrative hearing stage. 20 C.F.R. § 404.1546(c) (2024). An objection should show that the ALJ's decision *lacked* substantial evidence—not that Plaintiff's position has substantial evidence. *See Thomas v. Colvin*, 587 F. App'x 162, 164 (5th Cir. 2014) (emphasis added) ("[I]t is within the ALJ's discretion to resolve discrepancies between subjective complaints of pain and *competing* medical evidence.").

Plaintiff argues that the ALJ lacks substantial evidence because of the "conspicuous absence of credible choices" or "no contrary medical evidence" to Plaintiff's position. *See Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (citation omitted). This is not the case. The ALJ considered documents from: Veterans Affairs, R. [5-12] at 13, 109–10; Dr. Louis Saddler, R. [5-7] at 391–95; the

10

November 2022 state agency determination by Dr. Kossman, R. [5-3] at 3–11;[7] and UAB Medicine, R. [5-9] at 194–95, 225–35, R. [5-7] at 398. *See* R. [5-2] at 20–28. Collectively, these parts of the record show a consistent theme that Plaintiff's symptoms are manageable and that she can perform tasks from her prior work experience.[8] These documents are "contrary medical evidence" to Plaintiff's medical experts, *see Hames*, 707 F.2d at 164 (citation omitted), and the ALJ specifically determines Plaintiff's medical experts are inconsistent with other medical evidence. *See* R. [5-2] at 28 ("[Dr. Lauren Gertz, PA-C, Thomas Kaleekal, M.D., and Sardar Ijlal Babar, M.D.,] are inconsistent with the medical evidence which shows that the claimant's condition [is] . . . well managed on medication and that the claimant continues to be independent in activities of daily living[.]"). The Court cannot second-guess the ALJ's determination of the credibility of the evidence. *See Thomas*, 587 F. App'x at 164; *Leggett*, 67 F.3d at 564. From the evidence the ALJ relied on, a reasonable person could decide that Plaintiff's RFC includes performing less than the full range of sedentary work. *See Leggett*, 67 F.3d at 564. Plaintiff

---

[7] The ALJ may consider as evidence prior state agency determinations. 20 C.F.R. § 404.1529(c)(3) (2024); *id.* § 404.1520c.

[8] Throughout 2022 and 2023, multiple physicians and tests discuss Plaintiff's symptoms and ability to function. November 4, 2022: Plaintiff "able to tolerate [medication]." R. [5-7] at 398. December 7, 2022: "The evidence shows that the individual has some limitations in the performance of certain work activities; however, these limitations would not prevent the individual from performing the following past relevant work." R. [5-3] at 10. November 1, 2023: "Her health conditions are well managed on current medications. . . . She does need to take her time completing tasks." R. [5-12] at 109. June 16, 2023: "She denies exacerbations since last seen [in March]," R. [5-9] at 227, and the M.D. determined she "is too well at this point to benefit from a lung transplant." *Id.* at 234–35.

11

fails to show that the ALJ lacked substantial evidence in finding Plaintiff's RFC. *See Abshire*, 848 F.2d at 640.

## III. CONSIDERATION OF PLAINTIFF'S DLCO READINGS

Plaintiff argues that the R&R improperly relied on the medical providers' conclusions rather than reviewing the actual DLCO readings when assessing the ALJ's determination. Plaintiff relies on the Fifth Circuit's *Loza v. Apfel* decision, which holds that the ALJ "consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." 219 F.3d at 393 (citations omitted). Plaintiff argues the ALJ erred in finding the record showed little restriction because the DLCO readings from September 9, 2022, and December 21, 2022, showed severe restriction. *See* R. [5-7] at 377–78; R. [5-10] at 319. As stated earlier, the ALJ did not need to consider these DLCO readings for Listing 3.02 *because* the DLCO tests did not follow the requirements for an acceptable DLCO test under 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00F2–3 (2025).

First, *Loza* focused on Step 2 of the disability analysis, which determines the *severity* of an impairment;[9] it does not discuss Listing requirements nor meaningfully discuss the RFC. *See Loza*, 219 F.3d at 393–94. Second, in contrast to *Loza*'s facts, the physicians here agreed that Plaintiff could work, *see Jeansonne v. Saul*, 855 F. App'x 193, 197 (5th Cir. 2021) (distinguishing *Loza* when physicians opine claimant can work), and the ALJ relied on contradicting evidence for

---

[9] Step 2 requires only a *de minimis* showing by a claimant. *Jeansonne v. Saul*, 855 Fed. App'x 193, 196 (5th Cir. 2021) (citing *Salmon v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)).

Plaintiff's alleged severe restrictions. *See Leggett*, 67 F.3d at 564 (Court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision."). As a result, *Loza* is distinguishable to the present case, and Plaintiff fails to show that the Court must consider the rejected DLCO readings.

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's determination should be affirmed, and the Report and Recommendation entered by Magistrate Judge Rath should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [13] Report and Recommendation entered by United States Magistrate Judge Bradley W. Rath on August 12, 2025, is **ADOPTED** as the opinion of this Court. The Commissioner's decision that the claimant Deborah A. Mitchell is not disabled is **AFFIRMED**. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 23rd day of September, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE